20 CV 000329

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| ORANGE COUNTY | SUPERIOR COURT DIVISION |
| | FILE NO. _____ |

SONYA NICHOLE MCADOO )
as the Administrator of the Estate )
of Kashmere Dominique Cross, )
                              )
    Plaintiff,                )     COMPLAINT
                              )     (Jury Trial Demanded)
    vs.                        )
                              )
KARL FRANZ EGOLF, )
CAROLINA PLASTICS, INC., and )
KENNETH A. COBB, )
                              )
    Defendants.          )

NOW COMES Plaintiff, complaining of Defendants, and alleges and says as follows:

## PARTIES

1. This is a wrongful death action by Plaintiff against Defendants arising from a motor vehicle collision that killed Kashmere Dominique Cross on July 21, 2019 in Cabarrus County, North Carolina.

2. Plaintiff Sonya Nichole McAdoo is a resident of Orange County, NC. Plaintiff is 45 years old.

3. Plaintiff is the Administrator of the Estate of Kashmere Dominique Cross.

4. Plaintiff was duly appointed Administrator of the Estate by the Clerk of Superior Court in Mecklenburg County, NC file no. 19-E-2562.


EXHIBIT A

5. Plaintiff is the mother of the late Kashmere Dominique Cross ("Kashmere Cross" or "Kashmere").

6. Kashmere Cross was born in Ohio in 1992. Kashmere was 27 years old when she died on July 21, 2019. She lived in Mecklenburg County, NC at the time of her death.

7. Kashmere was a massage therapist. In 2010, she graduated from Escambia High School in Pensacola, Florida, and in 2014, she received her Associate's Degree from Pensacola State College.

8. Plaintiff was not married when Kashmere was born and Kashmere did not have a father listed on her birth certificate. Prior to her death, no man acknowledged paternity or was presumed, found, or declared to be Kashmere's father.

9. Kashmere never had any children and she was not married at the time of her death.

10. Kashmere's sole heir at law is her mother, Plaintiff Sonya Nichole McAdoo.

11. Defendant Karl Franz Egolf is a resident of Oconee County, South Carolina.

12. Defendant Carolina Plastics, Inc. is a South Carolina corporation that was administratively dissolved by the South Carolina Secretary of State on August 12, 2014.

13. Pursuant to South Carolina Code of Laws § 33-14-210, after August 12, 2014, Defendant Carolina Plastics continued its corporate existence but was not

2

permitted to carry on any business except as necessary to wind up and liquidate its business and affairs under § 33-14-15 and to notify claimants under § 33-14-106 and § 33-14-107.

14. Defendant Kenneth A. Cobb is a resident of Oconee County, South Carolina.

15. Upon information and belief, Defendant Cobb is the sole shareholder, officer, director, and registered agent of Defendant Carolina Plastics.

16. Notwithstanding the administrative dissolution of Carolina Plastics, Defendant Cobb continued to operate Carolina Plastics, Inc. after August 12, 2014 as a full-service plastics recycling company serving customers in South Carolina and North Carolina.

17. Upon information and belief, as of July 21, 2019, Defendant Carolina Plastics was registered with the United States Department of Transportation as an interstate commercial motor carrier and its carrier identification number was US-DOT #5832242.

18. At the time of the wreck on July 21, 2019, Defendant Egolf was employed by Defendant Carolina Plastics and/or Defendant Cobb as a truck driver and he was acting within the course and scope of his employment.

19. Plaintiff seeks to hold Defendants Carolina Plastics and Cobb jointly and severally liable with Defendant Egolf for Kashmere's wrongful death pursuant to the doctrine of *Respondeat Superior*.

20. As of July 21, 2019, Defendant Cobb controlled the operations of Defendant Carolina Plastics to such an extent that Carolina Plastics had no separate mind, will, or existence of its own, as shown by the following:

   a. Carolina Plastics was inadequately capitalized;

   b. Defendant Cobb failed to comply with corporate formalities for Carolina Plastics and operated it in violation of South Carolina Code of Laws § 33-14-210;

   c. Defendant Cobb completely dominated and controlled Carolina Plastics so that it had no independent identity; and,

   d. Upon information and belief, Carolina Plastics failed to properly maintain ordinary and necessary company records.

21. Carolina Plastics is presently not registered as an interstate commercial motor carrier with the U.S. Department of Transportation.

22. Upon information and belief, since July 21, 2019, Defendant Carolina Plastics has ceased operations and is insolvent.

23. Plaintiff also seeks to pierce the corporate veil of Carolina Plastics, Inc. to hold Defendant Cobb liable under the mere instrumentality rule for all compensatory and punitive damages assessed against Defendant Carolina Plastics.

## CLAIM FOR RELIEF:
## NEGLIGENCE AND GROSS NEGLIGENCE

24. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

25. At approximately 2:20 p.m, on Sunday, July 21, 2019, Kashmere Cross was driving her 2017 Ford Fiesta and traveling north on Interstate 85 in Cabarrus County, North Carolina near the Dale Earnhardt Blvd. / Copperfield Blvd. exit.

26. Kashmere Cross was traveling from Charlotte to her mother's home in Chapel Hill.

27. In this area, Interstate 85 has four northbound lanes and four southbound lanes that are separated by a concrete median. The maximum posted speed limit is 65 miles per hour.

28. Kashmere Cross was driving in the second northbound lane from the median and she had slowed her vehicle to 5 miles per hour in response to heavy traffic around her.

29. The road surface condition on Interstate 85 was dry, the weather was clear, and it was daylight.

30. At said time, date, and place, Defendant Egolf was driving a 2001 Ford F-350, owned by Defendant Carolina Plastics, with a 25-foot flatbed utility trailer attached to it. Defendant was traveling north on Interstate 85 in Cabarrus County.

31. Defendant Egolf was driving in the second northbound lane from the median and approaching the rear of Kashmere's vehicle at a speed of at least 75 miles per hour.

32. Defendant Egolf was not keeping a reasonable lookout and he had one or more Schedule I controlled substances in his blood.

33. Defendant Egolf drove his vehicle into the rear of Kashmere's vehicle without braking.

34. Upon impact, the front of Defendant Egolf's Ford F-350 became attached to Kashmere's Ford Fiesta and the two vehicles struck several other vehicles as they

5

traveled to the far right northbound lane and veered back to the left across all of the lanes into the concrete median.

35. After striking the concrete median, Kashmere's vehicle and Defendant Egolf's vehicle caught fire.

36. Kashmere Cross was killed in the wreck and her body was burned inside her vehicle.

37. Kashmere's cause of death was blunt force trauma to the chest and pelvis due to the motor vehicle collision.

38. The other vehicles that were struck in the wreck included a 2014 Ford Explorer, a 2019 Chevrolet Express van, a 2017 Hyundai passenger car, a 2018 Toyota Corolla, and a 2014 Chevrolet Traverse.

39. At the time of the collision, Defendant Egolf was driving a commercial motor vehicle as defined in 49 CFR § 390.5 of the Federal Motor Carrier Safety Regulations. Defendants used this vehicle on a highway in interstate commerce to transport property and it had a gross vehicle weight rating of 26,500 pounds.

40. Although he was driving a commercial motor vehicle when the wreck occurred, Defendant Egolf did not have a commercial driver's license as required by G.S. § 20-37.12 and 49 CFR § 391.11.

41. After the wreck, Defendant Egolf admitted in a statement to law enforcement that he caused the collision when he took his eyes off the road.

42. Defendant Egolf's blood was taken immediately after the motor vehicle collision and submitted for analysis to the North Carolina State Crime Laboratory.

6

43. According to the Affidavit and Revocation Report (Blood Test) issued by Chemical Analyst Megan K. Simms of the NC State Crime Laboratory, Defendant Egolf had amphetamine, lidocaine, methamphetamine, and morphine in his blood when the wreck occurred on July 21, 2019.

44. Defendant Egolf was negligent in causing the collision between his vehicle and Kashmere Cross's vehicle in one or more of the following ways:

   a. By failing to keep a reasonable lookout;

   b. By driving his vehicle at a speed greater than the maximum posted speed limit, in violation of G.S. § 20-141(b);

   c. By failing to reduce the speed of his vehicle in order to avoid the collision, in violation of G.S. § 20-141(m);

   d. By driving a commercial motor vehicle upon a highway with any amount of a Schedule I controlled substance, as listed in G.S. § 90-89, or its metabolites in his blood, in violation of G.S. § 20-138.2;

   e. By driving his vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, in violation of G.S. § 20-140(a);

   f. By driving his vehicle without due caution and circumspection and at a speed or in a manner so as to endanger or likely endanger any person or property, in violation of G.S. § 20-140(b); and,

   g. In such further ways as may be shown by the evidence.

45. Defendant Egolf was grossly negligent in causing the collision due to his willful or wanton conduct.

46. Defendant Egolf intentionally failed to follow the motor vehicle laws by driving a commercial motor vehicle with any amount of a Schedule I controlled substance or its metabolites in his blood and without a commercial driver's license.

7

47. In addition, Defendant Egolf acted in conscious and intentional disregard of and indifference to the rights and safety of others on the highway, including Kashmere Cross.

48. At the time of the collision, Defendant Egolf was employed by Defendant Carolina Plastics and/or Defendant Cobb and acting within the course and scope of his employment.

49. Defendant Carolina Plastics and/or Defendant Cobb are jointly and severally liable for the negligence and gross negligence of Defendant Egolf under the doctrine of *Respondeat Superior*.

## COMPENSATORY DAMAGES

50. On July 21, 2019, Kashmere Cross was killed as a direct and proximate result of Defendants' negligence and gross negligence.

51. Kashmere Cross was 27 years old at the time of her death.

52. Kashmere Cross was survived by her mother Sonya Nichole McAdoo, who is her sole heir under the North Carolina Intestate Succession Act, G.S. § 29-1, *et seq*.

53. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff Sonya Nichole McAdoo as the Administrator of the Estate of Kashmere Dominique Cross is entitled to recover the following damages under G.S. § 28A-18-2(b):

    a. Compensation for Kashmere's pain and suffering;

    b. The reasonable funeral expenses;

8

- c. The present monetary value of Kashmere Cross to Sonya Nichole McAdoo for the loss of the reasonably expected:
    - i. Services, protection, care and assistance of Kashmere, whether voluntary or obligatory, to her mother; and,
    - ii. Society, companionship, comfort, guidance, kindly offices and advice of Kashmere to her mother.

54. Plaintiff, as the Administrator of the Estate of Kashmere Dominique Cross, is entitled to recover compensatory damages from Defendants, jointly and severally, in an amount which exceeds $25,000.

55. Plaintiff is also entitled to pierce the corporate veil of Carolina Plastics, Inc. to recover the compensatory damages assessed against Defendant Carolina Plastics from Defendant Cobb as the company's shareholder, officer, and director under the mere instrumentality rule.

## PUNITIVE DAMAGES

56. By driving a commercial motor vehicle in violation of G.S. § 20-138.2, Defendant Egolf acted in conscious and intentional disregard of and indifference to the rights and safety of others.

57. Defendant Egolf knew or should have known that driving a commercial motor vehicle in violation of G.S. § 20-138.2 was reasonably likely to result in injury, damage, or other harm to the public.

58. Defendant Egolf engaged in willful or wanton conduct as defined in G.S. § 1D-5.

59. Defendant Cobb knew that Defendant Egolf did not have a commercial driver's license but allowed him to operate a commercial motor vehicle for financial gain in violation of G.S. § 20-37.12 and 49 CFR § 391.11.

60. Upon information and belief, Defendant Cobb also knew that Defendant Egolf was using Schedule I controlled substances but allowed him to drive a commercial motor vehicle without passing a drug test.

61. Through the actions of Defendant Cobb, an officer, director, and/or manager of Defendant Carolina Plastics, Inc. participated in or condoned the willful or wanton conduct by Defendant Egolf.

62. Plaintiff is entitled to recover punitive damages from each Defendant under G.S. § 1D-15 in an amount which exceeds $25,000.

63. Plaintiff is also entitled to pierce the corporate veil of Carolina Plastics, Inc. to recover the punitive damages assessed against Defendant Carolina Plastics from Defendant Cobb as the company's shareholder, officer, and director under the mere instrumentality rule.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court for the following relief:

1. Compensatory damages from Defendants, jointly and severally, in an amount which exceeds $25,000;

2. Punitive damages from each Defendant in an amount which exceeds $25,000;

3. An order or judgment allowing Plaintiff to pierce the corporate veil of Carolina Plastics. Inc. to hold Defendant Cobb liable under the mere instrumentality rule for all compensatory damages and punitive damages assessed against Defendant Carolina Plastics;

4. Interest as allowed by law;

5. Costs of court;

6. A trial by jury on all disputed issues of fact; and,

7. Such further relief as may be just and proper.

This the 11th day of March, 2020.

*/s/ Carlos E. Mahoney*
Carlos E. Mahoney
Glenn, Mills, Fisher & Mahoney, P.A.
P.O. Drawer 3865
Durham, NC 27702-3865
Telephone: 919-683-2135
Facsimile: 919-688-9339
cmahoney@gmfm-law.com
N.C. State Bar No. 26509
Counsel for Plaintiff

11

Case 1:20-cv-00361-CCE-JLW   Document 4   Filed 04/22/20   Page 11 of 11